**IT IS ORDERED**

**Date Entered on Docket: September 21, 2017**



The Honorable David T. Thuma
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Ana L. Flores                                             Case No. 17-11853-t7

  Debtor(s).

### DEFAULT ORDER GRANTING BANK OF AMERICA, N.A. RELIEF FROM AUTOMATIC STAY AND ABANDONMENT (REAL PROPERTY)

This matter came before the Court on the Motion for Relief from Automatic Stay and Abandonment (Real Property) filed on August 24, 2017, Docket No. 12 (the "Motion") by Bank of America, N.A. ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)   On August 24, 2017, Movant served the Motion and a notice of the Motion (the "Notice") on counsel of record for the Debtor(s) and the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following property:

A 0.10 acre tract of land being part of Block 3, Las Cruces Park Addition as filed October 3, 1940 in Plat Book 2, Page 48, Dona Ana County Records, situate in the City of Las Cruces, Dona Ana County, New Mexico, and being more particularly described as follows to wit:

BEGINNING at a point on the west line of Virginia Street for the southeast corner of the tract herein described, marked by a found iron pipe, WHENCE the southeast corner of the aforementioned Block 3, marked by a found iron pipe, bears S 17 degrees 13 minutes 05 seconds E, 110.46 feet;

THENCE from the point of beginning leaving the west line of Virginia Street along a chain link fence S 72 degrees 39 minutes 54 seconds W, 110.00 feet to a point on the centerline of a cinder block wall for the southwest corner of the tract herein described, marked by a set "X";

THENCE along the centerline of a cinder block wall N 16 degrees 53 minutes 19 seconds W, 24.49 feet to the northwest corner of the tract herein described, marked by a set "X";

THENCE continuing along the centerline of a cinder block wall N 72 degrees 37 minutes 08 Seconds E, 55.63 feet to an angle point of the tract herein described, marked by a set "X";

THENCE continuing along the centerline of a cinder block wall N 17 degrees 26 minutes 03 seconds W, 29.69 feet to an angle point of the tract herein described, marked by a set "X";

THENCE continuing along the centerline of a cinder block wall N 71 degrees 50 minutes 47 seconds E, 54.35 feet to a point on the west line of Virginia Street for the northeast corner of the tract herein described, marked by a set "X";

THENCE along Virginia Street S 17 degrees 13 minutes 05 seconds E, 55.00 feet to the place and point of beginning, containing 0.10 acre of land, more or less, and subject to any easements of record and such as may exist on the ground.

This legal description is based on field data by Gerald K. Donohue, N.M. PLS 8172

(the "Property").

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on September 18, 2017;

(f) As of September 19, 2017, neither the Debtor(s) nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on September 19, 2017, Krista Jones, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor(s) is/are currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

   (a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

   (b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

Submitted by:

LITTLE, BRADLEY & NESBITT, P.A.

By: /S/Electronically submitted/ September 19, 2017
Karen H. Bradley
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722

Copies to:

R. Trey Arvizu, III
Attorney for Debtor(s)
PO Box 1479
Las Cruces, NM 88004-1479

Philip J. Montoya
Trustee
1122 Central Ave SW, Suite #3
Albuquerque, NM 87102

Ana F. Flores
Debtor
118 S. Virginia
Las Cruces, NM 88001

William Horner
Non-Filing Spouse
118 S. Virginia
Las Cruces, NM 88001